UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE RAY THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL HAROS, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-00452 SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR TO PAY FILING FEE**<br><br>**21-DAY DEADLINE** |

Plaintiff Prentice Ray Thomas is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　INTRODUCTION**

Plaintiff initiated this action by filing his complaint on March 24, 2023. (Doc. 1.) Plaintiff also submitted an Application to Proceed In Forma Pauperis by a Prisoner; however, the application was not signed. (Doc. 2.)

On April 28, 2023, the Court issued its Order to Submit Application to Proceed *In Forma Pauperis* (IFP) or Pay Filing Fee Within 45 Days. (Doc. 5.) Plaintiff was served that same date at Wasco State Prison, the address reflected on his complaint filed four days earlier. More than 45 days have passed, and Plaintiff has neither filed a completed and signed IFP application, nor paid the $402 filing fee.

## II. DISCUSSION AND ORDER

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, more than 45 days have elapsed following the Court's order of March 28, 2023, directing Plaintiff to submit a completed and signed IFP application or to pay the filing fee in full. To date, Plaintiff has neither submitted a completed and signed IFP application, nor paid the required filing fee.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this Order, why this action should not be dismissed for his failure to file an IFP application or to pay the required filing fee. Alternatively, within that same time, Plaintiff may either file a completed and signed IFP application or pay the $402 filing fee.

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 18, 2023**                                    /s/ *Sheila K. Oberto*
                                                                                  UNITED STATES MAGISTRATE JUDGE