UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE RAY THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL HAROS, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-00452 SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER TO SUBMIT COMPLETED AND SIGNED APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHIN 14 DAYS TO AVOID RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE**<br><br>**ORDER DENYING REQUEST TO APPOINT COUNSEL** |

Plaintiff Prentice Ray Thomas is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff initiated this action by filing his complaint on March 24, 2023. (Doc. 1.) Plaintiff also submitted an Application to Proceed *In Forma Pauperis* by a Prisoner; however, the application was not signed. (Doc. 2.)

On April 28, 2023, the Court issued its Order to Submit Application to Proceed *In Forma Pauperis* (IFP) or Pay Filing Fee Within 45 Days. (Doc. 5.) Plaintiff was served on that same date at Wasco State Prison at the address reflected on his complaint.

1    On May 18, 2023, when Plaintiff had not filed a completed and signed IFP application as ordered, the Court issued its Order to Show Cause (OSC) in writing why this action should not be dismissed for Plaintiff's failure to obey Court orders. (Doc. 7.) Plaintiff was provided 21 days within which to file a response to the OSC, or, alternatively, to file either a completed and signed IFP application or to pay the $402 filing fee. (*Id*. at 2.)

On May 30, 2023, Plaintiff filed a response to the OSC. (Doc. 8.)  Plaintiff contends there "were many condition of Wasco State Prison that stop [him] from giving full attention to [his] complaint." (*Id*.) He states he was attacked by ten inmates on February 28, 2023, and hospitalized because of the attack. (*Id*.) Plaintiff contends he "sometime forget slow think or sometime have a hard time remembering" things. (*Id*.) He asks the Court to consider providing "help … to keep up with all orders of the court's." (*Id*.) Finally, Plaintiff states "please let me make payments on filing fee one every month of my trust account." (*Id*.) Plaintiff response was not accompanied by a completed and signed IFP application or payment of the $402 filing fee.

**II.   DISCUSSION**

*Application to Proceed In Forma Pauperis*

As the Court has indicated previously, the IFP application that Plaintiff submitted with his original complaint is *unsigned*. The Court will not consider an unsigned IFP application. The Court ordered Plaintiff to submit a completed and signed IFP application, (Doc. 5), which he has failed to submit. Plaintiff asks the Court to allow him to make monthly payments toward the filing fee. (Doc. 8.) The Court will not do so without a completed and signed IFP application submitted for its consideration. The properly submitted application is necessary before the Court determines whether the IFP application should be granted or denied.

Plaintiff will be afforded ***one final opportunity*** to comply with the Court's order to submit a completed and signed IFP application. If Plaintiff fails to submit a completed and signed IFP application, or, alternatively, to pay the $402 filing fee in full, the Court will recommend this action be dismissed for a failure to obey court orders and failure to prosecute.

//

//

*Request for Appointment of Counsel*

Plaintiff's response to the OSC makes a vague reference to the Court providing "help" to Plaintiff. (Doc. 8.) The Court construes Plaintiff's request as a motion to appoint counsel.

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist, and they do not exist in the present case. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §

1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is advised that the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

As for a plaintiff's indigency, indigency does not qualify as an exceptional circumstance. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened as required by 28 U.S.C. § 1915A(a). The complaint asserts allegations that may or may not be proven; that determination has not yet been made. And, at screening, the Court accepts Plaintiff's factual allegations as true for purposes of determining whether Plaintiff plausibly alleges a cognizable claim or claims entitling him to relief in these proceedings. It does not accept Plaintiff's legal conclusions as true. Those conclusions will be tested later and only after the screening process has been completed.

In sum, Plaintiff faces challenges and circumstances faced by most *pro se* prisoner litigants. Those circumstances, however, are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.     CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS** that:

1. The OSC issued May 18, 2023 (Doc. 7) is **DISCHARGED**;
2. Plaintiff **SHALL** file a completed and signed Application to Proceed *In Forma Pauperis* **within 14 days of the date of service of this Order**;
3. The Clerk of the Court is **DIRECTED** to provide Plaintiff with an Application to Proceed *In Forma Pauperis* form at the time of service of this Order; and
4. Plaintiff's request for the appointment of counsel (Doc. 8) is **DENIED**.

**WARNING: Plaintiff is advised that a failure to obey this Order will result in a recommendation that this action be dismissed, without prejudice, for his failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 31, 2023**                     /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE